UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMAN BRIDGETT JR.<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-CV-1767-CAB-BLM<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE**<br><br>[Doc. No. 2] |

　　　　This matter is before the Court on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP"). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id*. (internal quotation marks omitted). Here, Plaintiff's application states that he was recently released from prison and that he has no income or assets. Because Plaintiff is unable to pay the filing fee and "still afford the necessities of life," the IFP application is granted.

　　　　However, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review and dismissal should the

Court determine, inter alia, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Here, the complaint seeks damages under 42 U.S.C. § 1983 for violations of Plaintiff's civil rights stemming from a prison sentence he received in state court. However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As a result, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90. Plaintiff's complaint does not allege that his sentence was reversed, expunged, invalidated, or called into question by a federal court's issuance of a write of habeas corpus. Rather, the complaint merely alleges that Plaintiff served the entirety of a sentence that he now asserts was unconstitutional. Accordingly, under *Heck*, Plaintiff may not assert a § 1983 claim seeking damages arising from his allegedly unconstitutional sentence.

In light of the foregoing, it is hereby **ORDERED** that the application to proceed in forma pauperis is **GRANTED** [Doc. No. 2], and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, this Court certifies that any IFP appeal from this

Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated:  October 10, 2023

Hon. Cathy Ann Bencivengo
United States District Judge